**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 09:10 AM October 24, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JOHN GLEN DELVALLE, | ) | CASE NO. 08-63274 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

On August 29, 2012, Debtor filed his second motion for turnover. He seeks recovery of a portion of payments made through his confirmed chapter 13 plan by the trustee, Toby L. Rosen ("Trustee"), on a secured vehicle claim. No one objected to the motion. For the reasons contained in this opinion, and after excruciating review to reconstruct the events in this case, the court finds that Debtor has not demonstrated entitlement to the relief sought.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

Debtor filed a chapter 13 petition on October 6, 2008. On Schedule D, he listed a $10,000.00 secured debt to CitiFinancial for a 2002 Chrysler Voyager. His plan, filed the same day, proposed to pay CitiFinancial $10,000.00 at 6.50% interest in $291.00 monthly installments. The court confirmed the plan on February 19, 2009.

CitiFinancial filed a proof of claim for the debt on October 13, 2008. The claim states the

amount owed is $8,093.25 at 19.95% interest.  It also provides an address for notices: CitiFinancial Auto Corporation, P.O. Box 182287, Columbus, OH 43218.

Pursuant to the chapter 13 form plan utilized in this court, in accordance with Administrative Order 05-05 dated October 17, 2005,[1] payment of the claim was subject to a contrary proof of claim.  Consequently, at confirmation, the proof of claim controlled, making the claim payable for $8,093.25 at 19.95% interest.  Information obtained from bankruptcylink.com shows Trustee commenced payments to CitiFinancial on February 2, 2009.

Trustee maintained a fairly consistent stream of payments to CitiFinancial through June 2010.  From February 2, 2009 through June 30, 2010, she paid a total of $6,313.12 on the claim.  Her records indicate $3,935.62 was paid toward principal; $2,377.50 was paid in interest.

On November 15, 2010, Debtor filed an objection to the CitiFinancial claim.  He sought a reduction of the claim balance to $2,079.35 in accordance with a September 6, 2010 statement from Santander Consumer USA ("Santander").  The statement said that Santander became the servicer for the CitiFinancial debt effective September 6, 2010.  Per the statement, the remaining balance on the loan was $2,079.35.[2]  The statement also provided a correspondence (non-payment) address for Santander at P.O. Box 961245, Fort Worth, TX 76161-1245.

At the time of the statement, basic math shows a discrepancy in the figures.  The principal on the original claim was more than $8,093.25.  If Trustee paid approximately $4,000.00 in principal, the principal balance would be over $4,000.00.  If Trustee paid no interest, the claim would be less than $2,000.00.  It is impossible to see how the $2,079.35 claim balance in the Santander statement is accurate.[3]  It appears that, if it is not accurate, the benefit is in Debtor's favor.

Debtor's objection to the claim was served on Santander at P.O. Box 961245, Fort Worth, TX 76161-1245, the correspondence address listed in the statement.  However, CitiFinancial never filed a transfer of the claim nor did anything to change the noticing address listed in its proof of claim.[4]  No responses to the objection to claim were filed and the court granted the objection on December 23, 2010.  At this point, the claim balance was $2,079.35.  Since the objection did not alter the interest, the court finds that interest remained payable at 19.95%.

Trustee continued payments on the claim through June 30, 2011 and then ceased payments. On June 6, 2012, Debtor filed a second objection to the CitiFinancial claim.  In this objection, he sought an interest rate reduction to 6.5%.  The objection was served to Santander at P.O. Box 560284, Dallas, TX 753560284.  The court is mystified as to the origin of this address, which

---

1 This was the administrative order in effect at the time Debtor's case was filed.  Administrative Order 05-05 has been superseded by Administrative Order 11-03, entered November 17, 2011, and applicable to cases filed on or after December 1, 2011.
2 The statement reads "Balance Remaining*   $2,079.35."  The statement attached to the objection is incomplete and the court cannot find any explanation for the asterisk.
3 Possibly, CitiFinancial reduced the interest on the claim to the 6.5% provided under the plan.  However, it is not clear what happened.  Neither CitiFinancial or Santander filed anything with the court except the October 2008 claim.
4 "Best practice" would have served CitiFinancial at the address in the claim and Santander at the correspondence address in the statement.

appears unsupported by anything in the record, including the Santander statement. Unaware of any service issue, the court sustained the objection by order dated July 16, 2012.

Shortly after the order reducing the interest rate was entered, Debtor filed a motion for turnover seeking a $4,533.33 refund from CitiFinancial, the amount allegedly overpaid on the claim. Debtor took this figure from a Trustee report from bankruptcylink.com dated July 18, 2012. After a comprehensive review, the court finds that the figure is not accurate.

Looking at the claim breakdown from the report, it inaccurately identifies the original claim in the amount of $2,079.35, payable at 19.950%. The report states that $6,612.88 in principal was paid on the claim, resulting in the $4,500.00+ overpayment. The problem is that the claim was not originally $2,079.35. That figure represents the balance as of September 6, 2010, the date of the statement from Santander. The original claim was $8,093.25. At the time the first objection was filed, Trustee had already paid $6,313.12 toward the original claim. The $2,079.35 was the balance going forward. If Debtor's position were accepted, the result would be recovery of a large portion of the payments that reduced the balance to $2,079.35. This would be manifestly unfair to CitiFinancial.

The first motion for turnover was denied, albeit on other grounds. The motion for turnover requested recovery from Santander and when the court reviewed the claims register, it could not locate a Santander claim, nor was there a transfer noted to Santander on the docket. Upon determining that the motion related to the CitiFinancial claim, the court reviewed service of the motion for turnover. Debtor had, again, served Santander at P.O. Box 560284, Dallas, TX 75356-0284, an address that does not appear in the court record. Consequently, the motion for turnover was denied on due process grounds.

On August 29, 2012, Debtor renewed his motion for turnover, in the amount of $4,533.33, and served Santander at the address above and at PO Box 961245, Fort Worth, TX 76161-1245. No responses were filed. In light of a comprehensive understanding of the facts, the court refuses to grant the motion. It is time to clear the wreckage. In furtherance of that goal:

1. The original claim was $8,093.25 at 19.95% interest.

2. In accordance with the order sustaining the first objection to claim, the balance on the claim, as of September 6, 2010, was $2,079.35. Debtor did not request, and was not granted, an interest rate deduction. Consequently, from September 6, 2010 forward, the interest rate on the claim remained at 19.95%.

3. The second objection to CitiFinancial's claim was not properly served. The court will vacate the order granting the interest rate reduction.

4. The motion for turnover is not well-taken and is denied.

5. Trustee shall create an amortization schedule based on the following:

    - Original claim = $8,093.25 at 19.95% interest; all payments through September 5,

2010 credited on this claim
- Adjustment made to original claim to reduce principal balance to $2,079.35 at 19.95% as of September 6, 2010 and credit all subsequent payments against this amount.

This will determine the status of the claim, including any amount owed. The amortization schedule shall be filed by no later than **November 1, 2012**.

Debtor shall then be free to renew his objection to the interest rate or his motion for turnover. However, any renewal of either shall explain why Debtor should be entitled to relief at this point in the case. Basically, Debtor must provide legal arguments supporting a remedy in light of his failure to timely act in objecting to the claim after it was filed in October 2008. Debtor shall also serve any pleadings on the notice address listed in the proof of claim as well as the correspondence address in the Santander statement.

It is so ordered.

#   #   #

**Service List:**

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

John Glen DelValle
817 Warren St
Massillon, OH 44647

CitiFinancial Auto Corporation
P.O. Box 182287
Columbus, OH   43218

Santander Consumer USA Inc.
P.O. Box 961245
Fort Worth, TX   76161-1245